UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| Yayu Musa | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO.: _____ |
| vs. | ) | |
| | ) | |
| Faith Pharmacy, Inc. | ) | |
| | ) | |
| Defendant, | ) | |

# COMPLAINT
*{Jury Trial Demanded}*

Plaintiff, Yayu Musa ("Plaintiff"), by and through her undersigned counsel, brings this action against the Defendants Faith Pharmacy, Inc. ("Defendants) and shows this Court as follows:

1. This is an action for damages brought under the Fair Labor Standards Act ("FLSA").

2. Plaintiff resides in the Court's jurisdiction and is a past employee of the Defendant.

3. This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq*.

4. The Northern District of Georgia has personal jurisdiction over Defendants Faith Pharmacy, Inc. because it is doing business in

|   |   |
|---|---|
|   | Georgia and in this judicial circuit and the Plaintiff lives in this judicial district. |
| 5. | Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred in this District. |
| 6. | At all times material hereto, Defendant Faith Pharmacy, Inc., was and still is Georgia corporation, maintained an office in College Park, Georgia, and Agu Ananaba, was an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d) and at all times material hereto, engaged, along with its employees, in interstate commerce, and had annual gross sales and/or business volume of $500,000 or more. |
| 7. | In furtherance of her employment, Plaintiff was a pharmacy tech regularly ordering pharmacy items online from vendors across the United States, or used instrumentalities of interstate commerce, thus providing Plaintiff with the protections of the Fair Labor Standards Act. |
| 8. | Plaintiff accepted employment and worked for Defendant as pharmacy tech for approximately nine years until she resigned on August 24, 2021.  Plaintiff's job duties included no managerial duties and required her to ordering at the direction of her supervisor, help track inventory, general office work, driving to other pharmacies, |

counting tablets, labeling bottles, answering phones, stocking shelves, and operating cash registers.

9. Plaintiff is considered a non-exempt employee under the Fair Labor Standards Act. The Plaintiff did not use discretion or independent judgement when dealing with certain matters but rather followed the rules and guidelines of the Defendant. Further, the Plaintiff did not consistently exercise independent judgment or discretion in her job.

10. Plaintiff's salary at the time she left the employ of the Defendant was $25 per hour. Plaintiff worked 45 hours per week during her employment. She was paid "straight time" for all hours worked, but did not receive the overtime premium.

11. Defendant deliberately refused to pay Plaintiff her overtime pay for those hours over forty per week.

12. Plaintiff's employment did not qualify for an exemption under any provision of the FLSA.

13. Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

14. Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")

15. Plaintiff realleges paragraphs 1- 14 herein.

16. Defendant's violations of the FLSA were willful.

17. Defendant's violations of the FLSA were not based on good faith.

18. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216 (b), that Plaintiff is entitled to: (i) time-and-a-half overtime pay, and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

19. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorney's fees pursuant to 29 U.S.C. § 216(b).

20. The overtime premium owed is $6317.50. The liquidated damages owed are $6317.50.

21. As Defendant did not advise the Plaintiff of her overtime rights as required by law, any statute of limitations is tolled. Further as the Defendant's actions were willful, Plaintiff is entitled to claim at least three years back from the filing of this action.

22. WHEREFORE, Plaintiff prays for the following relief:

1. That process issue against Defendant and that the Defendant be required

5

to answer within the time period provided by applicable law;

2. that Plaintiffs be awarded damages in the amount of their unpaid wages and overtime, and an additional amount as liquidated damages pursuant to 29 U.S.C. §216(b), and/or prejudgment interest;

3. that Defendant be required to pay Plaintiff's attorneys' fees;

4. that Defendant be required to pay the costs and expenses of this action;

5. that Plaintiffs be granted such other, further and general relief to which they may show themselves entitled; and

6. that a jury be impaneled to hear this cause of action at trial.

Respectfully submitted,

/s/ William Gregory Dobson
William Gregory Dobson, Esq.
Georgia Bar No.: 237770
Lober & Dobson, LLC
830 Mulberry Street, Suite 201
Macon, Georgia 31201
(478) 745-7700
wgd@lddlawyers.com

/s/ A. Danielle McBride
A. Danielle McBride
Georgia Bar No.800824
Lober & Dobson, LLC
830 Mulberry Street, Suite 201
Macon, Georgia 31201
(478) 745-7700
admcbride@lddlawyers.com

/s/ Michael J. Lober
Michael J. Lober

Georgia Bar No.455580
Lober & Dobson, LLC
1197 Canton Street
Roswell, GA 30075
(770) 741-0700
mjlober@lddlawyers.com

**Defendant's Address for Service:**
Faith Pharmacy, Inc.
c/o Ken Anthony, Registered Agent
1720 Phoenix Boulevard, Suite 400
College Park, Georgia 30349