**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**

**ATLANTA DIVISION**

| | | |
|---|---|---|
| Yayu Musa | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO.: 1:22-cv-02538-SDG |
| | ) | |
| vs. | ) | |
| | ) | |
| Faith Pharmacy, Inc. | ) | |
| | ) | |
| Defendant, | ) | |

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

Yayu Musa ("Plaintiff") and Defendant Faith Pharmacy, Inc. ("Defendant"), through undersigned counsel, hereby submit this Joint Preliminary Report and Discovery Plan.

**1. Description of Case:**

  **(a)    Describe briefly the nature of this action.**

This is a civil action for damages brought pursuant to the Fair Labor Standards Act ("FLSA"). Defendant denies that it engaged in any conduct violative of the FLSA and further denies that Plaintiff is entitled to the relief requested in her Complaint.

**(b)    Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

Plaintiff's Statement:

Plaintiff worked for Defendant as a non-exempt for approximately 9 years but did not receive an overtime premium for her hours worked over 40 per week.

Defendant's Statement:

Plaintiff was employed as a pharmacy technician.  Plaintiff worked for Faith Pharmacy for approximately nine years prior to resignation on August 24, 2021. Plaintiff was employed full time and compensated at a rate of $25 per hour.  Plaintiff would sometimes forget to clock in and out and would handwrite timecards.  Plaintiff was compensated for all hours she worked.

Plaintiff abandoned her job on September 3, 2021.

**(c)    The legal issues to be tried are as follows:**

1.    Whether Plaintiff can establish a claim for FLSA violation;

2.    Whether any of Plaintiff's claims are barred by Defendant's asserted defenses;

3.    Whether Plaintiff is entitled to damages, and if so, the amount of damages; and

4.    Whether any party is entitled to recover attorneys' fees and/or costs.

**(d)     The cases listed below (include both style and action number) are:**

    **(1)     Pending Related Cases:**

None.

    **(2)     Previously Adjudicated Related Cases:**

None.

**2.     This case is complex because it possesses one (1) or more of the features listed below (please check):**

This case is not complex.

    \_\_\_\_\_   (1)   Unusually large number of parties

    \_\_\_\_\_   (2)   Unusually large number of claims or defenses

    \_\_\_\_\_   (3)   Factual issues are exceptionally complex

    \_\_\_\_\_   (4)   Greater than normal volume of evidence

    \_\_\_\_\_   (5)   Extended discovery period is needed

    \_\_\_\_\_   (6)   Problems locating or preserving evidence

    \_\_\_\_\_   (7)   Pending parallel investigations or actions by government

    \_\_\_\_\_   (8)   Multiple use of experts

    \_\_\_\_\_   (9)   Need for discovery outside United States boundaries

    \_\_\_\_\_   (10)  Existence of highly technical issues or proof

3.  **Counsel:**

  **The following individually-named attorneys are hereby designated as lead counsel for the parties:**

  (a)   **For the Plaintiff:**

  Michael Jordan Lober
  Georgia Bar No. 455580
  Lober & Dobson, LLC
  1197 Canton Street
  Roswell, GA 30075
  Telephone:  770-741-0700
  mjlober@lddlawyers.com

  William Gregory Dobson
  Georgia Bar No. 237770
  A. Danielle McBride
  Georgia Bar No. 800824
  Lober & Dobson, LLC
  830 Mulberry Street, Suite 201
  Macon, GA 31201
  Telephone: (478) 745-7700
  wgd@lddlawyers.com
  admcbride@lddlawyers.com

  (b)   **For the Defendant:**

  SPIRE LAW, LLC

  2572 W. State Road 426, Suite2088

  Oviedo, Florida 32765

  Ian Smith, Esq.

  Georgia Bar No. 661492

  ian@spirelawfirm.com

  Whitney M. DuPree, Esq.

Georgia Bar No. 880908

whitney@spirelawfirm.com

**4.  Jurisdiction:**

Is there any question regarding this court's jurisdiction?

**_____ Yes      X     No**

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5.  Parties to This Action:**

   **(a)   The following persons are necessary parties who have not been joined:**

None.

   **(b)   The following persons are improperly joined as parties:**

None.

   **(c)   The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

None

      **(d)**      **The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

**6.  Amendments to the Pleadings:**

      **Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15.  Further instructions regarding amendments are contained in Local Rule 15.**

      **(a)**      **List separately any amendments to the pleadings which the parties anticipate will be necessary:**

None other than possibly adding individual corporate representatives if discovery warrants the same

      **(b)**      **Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

**7.  Filing Times For Motions:**

      **All motions should be filed as soon as possible. The local rules set specific filing limits for some motions.  These times are restated below.**

      **All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later.  Local Rule 7.1A(2).**

*(a)* ***Motions to Compel:*** before the close of discovery or within the extension period allowed in some instances.  Local Rule 37.1.

*(b)* ***Summary Judgment Motions:*** within thirty (30) days after the close of discovery, unless otherwise permitted by court order.  Local Rule 56.1.

*(c)* ***Other Limited Motions:*** Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

*(d)* ***Motions Objecting to Expert Testimony:*** <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8.  Initial Disclosures:**

**The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26.  If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection:**

None.

**9.  Request for Scheduling Conference:**

**Does any party request a scheduling conference with the Court? If so, Please state the issues which could be addressed and the position of each party.**

None.

**10. Discovery Period:**

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in Local Rule 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

**Please state below the subjects on which discovery may be needed:**

Plaintiff's claims and Defendant's defenses.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

**11. Discovery Limitation:**

    **(a)**     **What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.**

None.

    **(b)**     **Is any party seeking discovery of electronically stored information?**

**___X___ Yes     _____ No**

**If "yes,"**

    **(1)**     **The parties have discussed the scope of the electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

The parties have discussed the scope of discovery and have agreed to limit the scope as follows: The parties agree that there is not extensive electronic information relative to this case. The parties agree however to exchange discovery electronically and will provide documents in pdf, and if necessary native format and/or searchable PDFs. If the parties cannot reach agreement on e-discovery issues, they shall jointly seek guidance from the Court.

    **(2)**     The parties have discussed the format for the production of electronically stored information (TIFF or .TIF files), Portable Document Format (PDF) or native, method of production (e.g., paper or disk), and the inclusion or exclusion of the use of metadata, and have agreed as follows:

The parties have discussed the scope of discovery and have agreed to limit the scope as follows:  The parties agree that there is not extensive electronic information relative to this case.  The parties agree, however, to exchange discovery electronically and will provide documents in pdf, and if necessary native format and/or searchable PDFs.  If the parties cannot reach agreement on e-discovery issues, they shall jointly seek guidance from the Court.

**12. Other Orders:**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

The parties intend to seek a protective order of confidentiality.

**13. Settlement Potential:**

**(a)    Counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference on November 16, 2022 and that they participated in settlement discussions.  Other persons who participated in the settlement discussions are listed according to party.**

For Plaintiff:      Counsel (signature)      */s/Michael J. Lober*


For Defendant:    Counsel (signature)      */s/ Ian Smith*

**(b)     All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

(_____)   A possibility of settlement before discovery.

(___X___)   A possibility of settlement after discovery.

(_____)   A possibility of settlement, but a conference with the judge is needed.

(_____)   No possibility of settlement.

**(c)     Counsel (_____) do or (_____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.**

**(d)     The following specific problems have created a hindrance to settlement of this case.**

None at this time.

**14. Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a)     The parties (_____) do consent to having this case tried before a magistrate judge of this court.  A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day of _____, 2022.

(b)     The parties (**X**) do not consent to having this case tried before a

magistrate judge of this court.

This 9th day of December, 2022.

_s/Michael J. Lober_ _____     By: _/s/ Ian Smith_

William Gregory Dobson              Ian Smith, Esq.

Georgia Bar No. 237770             Georgia Bar No. 661492

wgd@lddlawyers.com                 ian@spirelawfirm.com

A. Danielle McBride                Whitney M. DuPree, Esq.

Georgia Bar No. 800824             Georgia Bar No. 880908

admcbride@lddlawyers.com           whitney@spirelawfirm.com

Lober & Dobson, LLC                SPIRE LAW, LLC

830 Mulberry Street, Suite 201     2572 W. State Road 426, Suite2088

Macon, GA 31201                    Oviedo, Florida 32765

Telephone: (478) 745-7700          filings@spirelawfirm.com

                                   **_Attorneys for Faith Pharmacy, Inc._**

Michael Jordan Lober

Georgia Bar No. 455580

mjlober@lddlawyers.com

Lober & Dobson, LLC

1197 Canton Street

Roswell, GA 30075

Telephone:  (770) 741-0700


Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of December, 2022, I filed the foregoing

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN** with the Clerk of

the Court via the Court's electronic filing system, which will provide electronic mail

notice to all counsel of record.

/s/ *Michael J. Lober*
Michael J. Lober

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| Yayu Musa | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO.: 1:22-cv-02538-SDG |
| | ) | |
| vs. | ) | |
| | ) | |
| Faith Pharmacy, Inc. | ) | |
| | ) | |
| Defendant, | ) | |

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

IT IS SO ORDERED, this _____ day of _____, 2022.

_____

Steven D. Grimberg
UNITED STATES DISTRICT JUDGE